UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DOCTOR'S ASSOCIATES LLC. and SUBWAY IP
LLC,

                              Plaintiffs,

            - against -

ABDUL HAI d/b/a SUBWAY RESTAURANT
#41310,

                              Defendant.
------------------------------------------------------------------x

CV 19 - 1968

Case No. 19 Civ. _____

**COMPLAINT**

GARAUFIS, J.

REYES, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

☆   APR - 5 2019   ☆

BROOKLYN OFFICE

Plaintiffs Doctor's Associates LLC and Subway IP LLC, by their attorneys, Kaufman &

Kahn, LLP, as and for their complaint against Defendant Abdul Hai d/b/a Subway Restaurant #

41310 alleges the following:

## NATURE OF THE ACTION

1.      This action is brought pursuant to the Federal Trademark Act, 15 U.S.C. § 1051,

et seq., to prevent Defendant from illegally using, diluting and tarnishing SIP's trademarks, trade

dress, service marks and trade names;  the U.S. Copyright Act, 17 U.S.C. § 501; for unfair

competition, dilution, and unjust enrichment under New York common and statutory law; and to

recover damages against Defendant.

2.      Defendant has continued to use the SIP's famous Subway® trademarks and

Subway materials, including those protected by U.S. copyright registration, after termination of

his franchise rights, constituting a deliberate trademark infringement and dilution by blurring and

tarnishment of a famous mark, and must be stopped immediately.

## THE PARTIES

3.      Plaintiff Doctor's Associates LLC ("DAL"), formerly Doctor's Associates Inc.,[1] is a limited liability company duly organized and existing under the laws of the State of Florida with its principal place of business located at 325 Sub Way, Milford, Connecticut.

4.      Plaintiff Subway IP LLC ("SIP" and together with DAL, "Plaintiffs") is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business located at 800 NW 36th Street, Suite 530, Doral, Florida  33166.

5.      Upon information and belief, at all times mentioned herein, Defendant Abdul Hai ("Hai" or "Defendant") was and is a natural person and citizen of the State of New York, who maintains a principal place of business at ground floor store at 41B Newkirk Plaza, Brooklyn, New York 11226.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, diversity jurisdiction pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.  Specifically, in connection with his unauthorized operation of a sandwich restaurant in the State of New York, County of Kings, Defendant has and continues to improperly use, dilute and tarnish Plaintiffs' registered trademarks, as well as engaged in trade name, trademark and service mark

---

[1] On October 29, 2018 Doctor's Associates Inc. was converted to Doctor's Associates LLC.  For the sake of convenience, "DAL" will be used herein to reference both Doctor's Associates Inc. and Doctor's Associates LLC.

2

infringement, federal copyright infringement, and unfair competition, dilution, and unjust

enrichment under New York common and statutory law.

## FACTUAL BACKGROUND

### A.    THE SUBWAY MARKS

8.     SIP owns the proprietary system for establishing and operating Subway®

restaurants featuring sandwiches and salads under the Subway® trademark.  The "Subway®

System" is one of the largest quick service restaurant franchise systems in the United States and

is widely known as one of the leading restaurant franchise systems in the United States and

throughout the world, and includes trademarks, trade names, service marks commercial

announcements, slogans, logos, trade dress, recipes, formulas, food preparation procedures,

business methods, trade secrets, techniques and developments.

9.     SIP is also the owner of various intellectual property rights associated with the

Subway® brand, including U.S. trademarks to both the Subway® name and its well-known logo

as well as other trademarks and service marks (the "Subway® Marks").

10.     Many of the Subway® Marks are registered on the Principal Register of the

United States Patent and Trademark Office.

11.     DAL uses and has used Subway® as its trade name.

12.     The reputation and goodwill attached to the trade name and Subway® Marks are

central to Plaintiffs' business.

13.     The Subway® System also includes distinctive signs and menus for selling

sandwiches and beverages, cups, napkins and straws ("Subway® Materials").

14.     SIP exclusively licenses to DAL, for the purpose of selling franchises in the

United States, the Subway® System.  DAL in turn is a franchisor and sub-licenses the Subway®

3

System to its franchisees.

15.     DAL and SIP have invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade name and trademarks to cause consumers throughout the United States to recognize the Subway® trade name and trademarks as distinctly designating Subway® sandwiches and salads.

16.     SIP, as well as DAL and its predecessors and its licensees have continuously used each of the Subway® Marks since the dates of their registration.

17.     The Subway® Marks' registrations are in full force and effect, unrevoked, and uncancelled, and most have been deemed to be incontestable pursuant to 15 U.S.C. § 1065.

18.     SIP has given notice to the public of the registration of its trademarks and service marks as provided in 15 U.S.C. § 1111.

19.     The Subway® Marks that feature the word Subway® are indisputably famous trademarks in the United States.

20.     Through its franchise system, DAL markets, promotes and provides services to its restaurant franchisees throughout the United States.  In order to identify the origin of the sandwiches and salads sold by its franchisees, DAL allows its franchisees to utilize the Subway® Marks.

21.     The value of the goodwill developed in the Subway® Marks does not provide for a precise monetary calculation, but because DAL is one of the largest restaurant franchise systems in the United States and worldwide and is widely known as a provider of quality sandwiches and salads, the estimated value of the Subway® Marks' goodwill is in excess of one billion dollars.

22.     Prior to the acts of Defendant alleged herein, DAL (then known as DAI) retained a photographer and purchased the rights in The 2008 Veggie Mural Pepper and registered the copyrights therein in U.S. copyright registration No. VA1-948-172, effective February 4, 2015 (the "Pepper Mural").

23.     The Pepper Mural contains material wholly original with Plaintiffs and constitute copyrightable subject matter under the Copyright Law of the United States.

24.     In addition, since 2008, DAL (then known as DAI) licensed to its authorized Subway® franchisees Subway Materials that includes the Pepper Mural.

## THE DEFENDANT'S UNLAWFUL CONDUCT

### Procedural Background

25.     On or about October 30, 2008, DAL, then known as Doctor's Associates Inc., entered into a franchise agreement ("Franchise Agreement) with Defendant Hai for the operation of a Subway® restaurant ("Subway® Sandwich Shop # 41310") at the premises located at ground floor store at 41B Newkirk Plaza, Brooklyn, New York 11226 (the "Premises").  On or about September 27, 2010, DAL and Hai entered into a Franchise Agreement Addendum for Store # 39111 (the "Superseding Franchise Agreement").  Pursuant to the Franchise Agreement and Superseding Franchise Agreement, Hai was granted the right and undertook the obligation to operate a Subway® sandwich restaurant at the Premises and to use the Subway® Marks.

26.     On or about September 24, 2015, DAI sent a sixty- (60-) day Notice of Termination to Hai.  The Notice of Termination states, in part, that Hai had sixty days to cure his defaulting in adhering to his obligations under the Superseding Franchise Agreement.

27.     Prior to arbitration, DAI and Hai entered into a "Probation Agreement" on or about January 21, 2016, which Hai breached by failing to remain in material compliance with his

5

obligations under the Franchise Agreement for a period of three months.

28.     On or about June 1, 2016, pursuant to the Franchise Agreement, DAI filed a

demand for arbitration (the "Demand") with the American Dispute Resolution Center ("ADRC")

seeking an award of against Hai alleging Hai's breach of the Superseding Franchise Agreement

and breach of the Probation Agreement.

29.     Hai did not submit a defense or response to the Demand, but with DAI entered

into an "Arbitration Interim Order" dated June 20, 2016 and so ordered by the Arbitrator on June

27, 2016, which required Hai to remain in material compliance for six consecutive restaurant

evaluations.

30.     On March 13, 2017, DAI notified ADRC and Hai that Hai had breached the terms

of the Arbitration Interim Order

31.     Arbitrator David E. Rosengren determined the dispute based upon the all

documents and evidence submitted by DAI and Hai, and determined that Hai had breached the

Arbitration Interim Order, the Franchise Agreement and the Superseding Franchise Agreement.

32.     The Arbitrator studied the facts, circumstances, and proofs and arrived at an

arbitration award dated June 22, 2017 (the "Award").

33.     The Award determined, in part, as follows:

1.      That the Franchise Agreement is terminated;

2       That Hai must dis-identify the Subway Restaurant associated with
        Franchise Agreement #41310 located at 41B Newkirk Plaza,
        Brooklyn, New York 11226, and cease and desist use of all trade
        names, trademarks, service marks, signs, colors, structures,
        software, printed goods and forms of advertising indicative of
        DAI's sandwich business and return the Operations Manual to DAI
        as required by Paragraph 8.e. of the Superseding Franchise
        Agreement;

3.      That after issuance and delivery of the Award, Hai must pay to DAI $250.00 per day, for the continued to use of the Subway® trade names, trademarks, service marks, signs, colors, structures, software, printed goods and forms of advertising indicative of DAI's sandwich business and/or use of the Operations Manual as required by Paragraph 8.e. of the Superseding Franchise Agreement;

4.      That Hai must abide by the post-termination non-competition provisions outlined in Subparagraph 8.g. of the Superseding Franchise Agreement, EXCEPT as noted, which states the following:  "For three (3) years after termination, expiration or transfer of this Agreement, or if you cease operation of the Restaurant, you will not directly or indirectly sell, or assist another to sell, Branded Sandwiches or operate a Branded Sandwich unit, franchised or company-owned at the Facility.  You agree to pay us $15,000 US plus eight percent (8%) of the gross sales of the Branded Sandwiches or Branded Sandwich unit, during the three (3 year) period, as being reasonable pre-estimate of the damages we will suffer. If you do, we may seek to enjoin your activities under Subparagraph 10.e. The provisions of this Subparagraph 8.g. will not release you from any covenant not to compete contained in any other Franchise Agreement you have with us. Nothing in this subparagraph or any other provision of this Agreement grants you territorial or other exclusive rights. We and our Affiliates have unlimited rights to compete with you as stated in Recital J, which is deemed repeated in this subparagraph."

5.      That pursuant to the Arbitration Interim Order, Hai must pay all costs associated with the arbitration proceeding in the amount of $925.00, plus all compensation charged by the Arbitrator in the amount of $1,650, and shall reimburse DAI for all reasonable costs incurred in pursuing the cost of arbitration.

6.      That despite due notice, neither Hai or any duly authorized representative of Hai appeared at the arbitration hearing.

34.    On or about November 20, 2017, the State of Connecticut Superior Court for the Judicial District of Ansonia/Milford issued a judgment confirming the Award (the "Connecticut Judgment"), and granting judgment to DAI and against Hai in the amount of $38,747.42, with damages continuing to accrue at a rate of $250 per day for each day that Hai failed to comply with Paragraph 3 of the Award (as set forth immediately above).

35. On or about May 7, 2018, the Supreme Court of New York State, Kings County granted full faith and credit to the Connecticut Judgment.

**Defendant's Infringing Conduct**

36. On or about March 8, 2019, DAI learned that Defendant is using a storefront sign that is confusingly similar to and dilute the famous Subway® Marks, and also using other Subway® marks, Subway® artwork, wall-mounted menus and other Subway® Materials in the operation of his restaurant business.

37. Defendant is using in the operation of his business a storefront sign with the words NEWKIRK SANDWICHES in a green and yellow design with white lettering and arrows coming out of the bottom of the first letter and top of the last letter of each word.

38. The storefront sign in front of Defendant's restaurant is confusingly similar to and dilutes the trademark rights in the famous Subway® logos registered with the U.S. Patent and Trademark Office (USPTO) (Reg'n Nos. 1174608, 2591069, 2504512, 3869196, 5358208, 5616727), especially those logos with Subway's® distinctive white, green and yellow trade colors (Reg'n Nos. 3774480, 5373029, 5358207).

39. Defendant is also using in commerce other trademarks or service marks that are Subway® Marks, including FRESH FIT (Reg'n Nos. 5523921) SUBWAY FRESH FIT (Reg'n Nos. 3296655 and 4217167), SUBWAY FRESH FIT FOR KIDS (Reg'n Nos. 4699469 and 4205708), and MAKE IT WHAT YOU WANT (Reg'n No. 5519654). *See* Torres

40. The continued use of Subway® wall-mounted menu boards indicates that Defendant is continuing to sell products with the same sandwich names, SUBWAY CLUB (Reg'n No. 1896378), VEGGIE DELITE (Reg'n No. 2145142), and B.M.T. (Reg'n No. 1047868), photos and décor as sold in an authorized Subway® franchise.

41.     Defendant is also using Subway® sandwich wrappers, wall-mounted artwork of vegetables and beverages, the proprietary "SUBWAY POS" (Point of Sale) System (Reg'n No. 4205975), and other Subway Materials.

42.     The unauthorized décor includes the Pepper Mural. Thus, Defendant is infringing on DAL's registered copyright therein.

43.     Upon information and belief, Defendant commenced its unauthorized, infringing use of the Pepper Mural after Plaintiffs obtained U.S. copyright registration for the Pepper Mural.

44.     Defendant, without authorization, has continually used marks confusingly similar to and diluting the Subway® Marks, and also uses other Subway® Marks and Subway® Materials in connection with his unauthorized operation of a sandwich restaurant at the Premises.

45.     Defendant is also baking bread in the Subway® bread warmer and Subway® POS point of sale system that was specifically designed for Subway® restaurants to keep track of inventory and sales. The Subway® POS is part of the Subway® Materials and one of the Subway® Marks.

46.     Defendant is even using Subway®-branded sandwich wrapping paper to wrap the sandwiches he is selling.

47.     DAL received complaints from customers on March 22, 2019, March 25, 2019 and March 28, 2019 who had visited Defendant's business believing it was still being operated as a Subway® shop because of the existence of the confusingly similar storefront sign, other Subway® Marks and Subway® Materials indicative of DAI's Subway® sandwich business.

48.     The customers reported that they felt were upset that they did not receive the sandwich they ordered; that the store was out of condiments; that the storefront sign was

misleading; and that Defendant was serving Subway® food, wrappers, and using its point of sale.

49.     US Foods, Inc. (www.usfoods.com), the only authorized food and produce supplier for the Subway® Sandwich Shops located in New York, stopped shipping to the Defendant. Thus, Defendant is apparently selling sandwiches and salads made from unauthorized food suppliers and unlawfully passing off such reportedly inferior goods as Subway® products.

50.     Plaintiffs' inability to enforce quality control over food that Defendant is serving in connection with his unauthorized use of the Subway® Marks and marks confusingly similar to the Subway® Marks represents dangerous and harmful deception to the general public, threatens the integrity of the Subway® brand and constitutes irreparable harm that further justifies an immediate preliminary injunction.

51.     Defendant's unauthorized operation of a sandwich restaurant, use of marks that are confusingly similar to and dilute the Subway® Marks, continued use of other Subway® Marks, and use of Subway® Materials at the Premises is continuing and there is no indication that such activity will cease without court intervention.

### COUNT I:
### TRADEMARK INFRINGEMENT
### UNDER SECTION 32 OF THE LANHAM ACT, 15 USCA § 1114

52.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 51 as if set forth fully herein.

53.     Defendant has marketed and promoted and continues to market and promote a restaurant through the unauthorized use of marks confusingly similar to the Subway® Marks, and such use has caused and is likely to continue to cause confusion or mistake among

prospective or actual customers.

54.   Defendant has used, and in using, in commerce a reproduction, counterfeit, copy, or colorable imitation of the registered Subway® Marks in connection with the sale, offering for sale, distribution, or advertising of sandwich goods and services, and such use is likely to cause confusion, or to cause mistake, or to deceive.

55.   Defendant has reproduced, counterfeited, copied, or colorably imitated the registered Subway® Marks and have applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, wrappers, and advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services, and such use is likely to cause confusion, or to cause mistake, or to deceive.

56.   Defendant's acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

57.   Additionally, DAL and SIP have incurred damages, and Defendant has profited from, Defendant's unauthorized use of the Subway® Marks.

58.   Defendant's acts constitute infringement of Plaintiffs' registered trademarks, in violation of Section 32 of Lanham Act, as amended, 15 U.S.C.A. Section 1114.

59.   By reason of Defendant's acts, Plaintiffs have suffered and will continue to suffer irreparable damage.  Unless this Court restrains Defendant from continuing these wrongful acts, the damage to Plaintiffs will increase.  Thus, Plaintiffs are entitled to preliminary and permanent injunctive relief.

60.   Plaintiffs have no adequate remedy at law to stop Defendant's unlawful acts.

61.   No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

## COUNT II:
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## UNDER SECTION 43(A) OF THE LANHAM ACT, 15 USCA § 1125(a)

62.     Plaintiffs repeat and reallege allegations set forth in paragraphs 1 through 51 as if set forth fully herein.

63.     Defendant's acts are likely to cause confusion, mistake or deception among purchasers and potential purchasers of products bearing the Subway® Marks as to the source or origin of the services rendered and goods sold by Defendant, by reason of the fact that purchasers are likely to believe that DAL's goods and services originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by DAL.

64.     Defendant's acts of marketing and promoting his sandwich restaurant, through and with the Subway® Marks and/or confusingly similar marks, constitute a false designation of origin, a false and misleading description of fact, and a false and misleading representation of fact, that has caused and is likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of Defendant's sandwich restaurant with DAL, and to cause confusion, or to cause mistake, or deception, to the effect that DAL sponsors or approves of the sandwich restaurant that Defendant are operating at the Premises.

65.     Such confusion, mistake or deception has resulted from and continues to arise out of Defendant's acts constituting false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C.A. Section 1125(a) and is causing irreparable harm.

12

## COUNT III:
## DILUTION OF FAMOUS TRADEMARK
## UNDER SECTION 43(c) OF THE LANHAM ACT, 15 USCA § 1125(c)

66.     Plaintiffs repeat and reallege allegations set forth in paragraphs 1 through 51 as if set forth fully herein.

67.     The Subway® Marks that include the term Subway® are famous marks that are distinctive, inherently or through acquired distinctiveness.

68.     Defendant has engaged in dilution because of the similarity between Defendant's marks and the Subway® marks that impairs the distinctiveness of the Subway® Marks.

69.     Upon information and belief, Defendant intended to create an association with the famous Subway® mark.

70.     Defendant's conduct has resulted in dilution by blurring because of the association arising from the similarity between Defendant's marks or trade name and the famous Subway® mark in a manner that dilutes the distinctive quality of the famous Subway® Marks.

71.     Defendant's conduct has resulted in dilution by tarnishment because it links Plaintiffs to products and services that are of inferior quality that are likely to reflect adversely upon Plaintiffs' products and services.

72.     Defendant's acts constitute trademark dilution in violation of Section 43(c) of the Trademark Act of 1946, as amended, 15 U.S.C.A. Section 1125(c).

73.     Based on the foregoing, Plaintiffs are entitled to an injunction against Defendant, who has commenced use of marks similar to the marks of Subway® in commerce in a way that is likely to cause dilution by tarnishment or dilution by blurring of the famous Subway® Marks.

## COUNT IV:
## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 101. et seq.)

74.     Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 51 of this Complaint with the same force and effect as if set forth herein.

75.     The Pepper Mural is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq.* DAL is the exclusive owner of rights under copyright in and to the Pepper Mural and owns valid federal copyright registrations for it.

76.     The mural in Defendant's restaurant is substantially similar, if not identical, to the Pepper Mural which is the subjects of copyright registrations.

77.     Defendant used in its sandwich restaurant a copy of the Pepper Mural without authority or consent from Plaintiffs, as alleged above, thereby infringing Plaintiffs' exclusive rights under copyright in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

78.     Defendant's acts constitute copyright infringement in violation of the exclusive rights of Plaintiffs under Section 106 of the Copyright Act, 17 U.S.C. § 106.

79.     Defendant's infringement of Plaintiffs' rights under copyright is knowing and willful, has caused damages to Plaintiffs and enabled Defendant to profit illegally therefrom.

80.     Defendant's conduct has caused and will continue to cause irreparable injury to Plaintiffs unless enjoined by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT V:
### COMMON AND STATUTORY LAW
### TRADE NAME, TRADEMARK AND SERVICE MARK INFRINGEMENT, UNFAIR COMPETITION, AND DILUTION

81.     Plaintiffs repeat and reallege all allegations contained in paragraphs 1 through 51 as if set forth fully herein.

82.     The Subway® Marks are inherently distinctive or have acquired secondary meaning.

83.     Defendant's use of marks confusingly similar to the Subway® Marks and Subway® Materials is likely to dilute DAL's use of the Subway® Marks either as a result of "tarnishment" or "blurring."

84.     Defendant has caused injury to DAL's business by engaging in trademark infringement, trade name infringement, and unfair competition under the common law of the State of New York and dilution in violation of New York General Business Law Section 360-L.

85.     Upon information and belief, Defendant's acts were undertaken willfully and knowing that they would cause confusion, mistake and deception.

86.     Plaintiffs have incurred substantial damages, and Defendant has profited from, Defendant's unauthorized use of the Subway® Marks and Subway® Materials.

87.     By reason of the foregoing, Plaintiffs are entitled to punitive damages.

## COUNT VI:
### UNJUST ENRICHMENT

88.     Plaintiffs repeat and re-allege each and every allegation set forth in Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

89.     Defendant has benefited from his wrongful use of marks confusingly similar to the Subway® Marks and the Subway® Materials, and has not paid any royalty fees or other fees

15

to DAL in return for this benefit.

90.    Defendant's failure to compensate Plaintiffs constitutes unjust enrichment and has damaged Plaintiffs.

**WHEREFORE**, pursuant to 15 U.S.C. §§ 1114, and 1125(a) and 1125(c) and 28 U.S.C. §1332(a)(1), Plaintiffs demand judgment against Defendant as follows:

a.  Temporarily, preliminarily and permanently restraining and enjoining Defendant, his executors, heirs, beneficiaries, employees, representatives, successors or assigns, and all those who act in concert or participation with them, from marketing or promoting his restaurant at the Premises or elsewhere, through and with any mark confusingly similar to the Subway® Marks or with the Subway® Materials;

b.  Ordering that Defendant account to Plaintiffs for any and all profits derived as a result of marketing or promoting his restaurant at the Premises with marks confusingly similar to the Subway® Marks and the Subway® Materials;

c.  Granting compensatory damages, treble damages or punitive damages, attorneys' fees, prejudgment interest, and costs of suit;

d.  Pursuant to the New York Judgment granting full faith and credit to the Connecticut Judgment confirming the Arbitration Award, damages in the amount of $38,747.42, with interest from May 7, 2018, plus $250 per day for the continued use of the Subway® trade names, trademarks, service marks, signs, colors, structures, printed goods and forms of advertising indicative of DAL's sandwich business, in an additional amount of not less than $162,500; and

    e.   Granting such other and further relief as this Court shall deem just and proper.

Dated: New York, New York
       April 4, 2019

                          KAUFMAN & KAHN, LLP

                          By: _____
                          Mark S. Kaufman
                          (Email: kaufman@kaufmankahn.com)
                          155 East 44th Street, 19th Floor
                          New York, NY  10017
                          (212) 293-5556
                          Attorneys for Plaintiffs Doctor's Associates
                          LLC and Subway IP LLC