UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOCTOR'S ASSOCIATES LLC,
and SUBWAY IP LLC,

                       Plaintiffs,

              -against-

ABDUL HAI d/b/a SUBWAY RESTAURANT
#41310,

                       Defendant.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**19-CV-1968 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs Doctor's Associates LLC and Subway IP LLC bring claims against Defendant Abdul Hai d/b/a Subway Restaurant #41310 under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c), the Copyright Act, 17 U.S.C. §§ 101 et seq., New York General Business Law § 360-L, and state common law. (Compl. (Dkt. 1) ¶¶ 10-90.)

Concurrent with the filing of the complaint on April 6, 2019, Plaintiffs made an ex parte application for provisional relief in the form of a proposed order to show cause and temporary restraining order ("Proposed OTSC & TRO"). (See Compl. at 16 (seeking temporary, preliminary, and permanent injunctive relief); Proposed OTSC & TRO (Dkt. 2); Mem. of Law in Support of Pls. Mot. for TRO & Prelim. Inj. (Dkt. 1-2); Cooper Decl. in Supp. of Proposed OTSC & TRO ("Cooper Decl.") (Dkt. 2-1); Torres Decl. in Supp. of Proposed OTSC & TRO ("Torres Decl.") (Dkt. 2-11).) Plaintiffs seek an order from this court restraining and enjoining Defendant from marketing or promoting his restaurant with any mark similar to the Subway® trademarks and materials. (Compl. at 16; Proposed OTSC & TRO at 1-3.)

For the following reasons, Plaintiffs' motion for a temporary restraining order is DENIED. Plaintiffs' motion for a preliminary injunction is respectfully REFERRED to

1

Magistrate Judge Ramon E. Reyes, Jr. for an expedited hearing and a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1).

I.  BACKGROUND

Plaintiff Subway IP LLC ("SIP") avers that it owns the proprietary system for establishing and operating Subway® restaurants (the "Subway® System"). (Compl. ¶ 8.) SIP is also the owner of various intellectual property rights associated with the Subway® brand, including U.S. trademarks to the Subway® name, logo, and other trademarks and service marks (the "Subway® Marks"). (Id. ¶ 9.) Plaintiff Doctor's Associates LLC ("DAL") uses Subway® as its trade name. (Id. ¶ 11.) SIP exclusively licenses the Subway® System to DAL for the purpose of selling franchises in the United States. (Id. ¶ 14.) DAL is a franchisor and sub-licenses the Subway® System to its franchisees. (Id.)

In October 2008, Plaintiffs allege that DAL entered into a franchise agreement with Defendant for the operation of a Subway® restaurant at 41B Newkirk Plaza, Brooklyn, NY 11226 (the "Premises"). (Id. ¶ 25.) In September 2015, DAL sent a sixty-day Notice of Termination to Defendant based on his alleged failure to adhere to his obligations under the franchise agreement. (Id. ¶ 26.) In January 2016, the parties entered into a "Probation Agreement," which Defendant then allegedly breached by failing to remain in material compliance with his obligations under the franchise agreement for three months. (Id. ¶ 27.) The parties then entered into arbitration and on June 22, 2017, the arbitrator issued an award, terminating the franchise agreement and ordering Defendant to, among other things, "dis-identify the Subway Restaurant associated with the Franchise Agreement," cease-and desist the use of all

2

Subway® Marks, and pay DAL $250 per day for any continued use of the Subway Marks. (Id. ¶¶ 27-33.)

Plaintiffs assert that on or about March 8, 2019, DAL learned that Defendant was using a storefront sign with the words NEWKIRK SANDWICHES in a green and yellow design with white lettering and arrows coming out of the bottom of the first letter and top of the last letter of each word. (Id. ¶¶ 36-37.) Plaintiffs contend that this sign is confusingly similar to and dilutive of the Subway® Marks. (Id. ¶ 36.) Defendant also allegedly continues to use Subway® Marks within the restaurant, including FRESH FIT, SUBWAY FRESH FIT, SUBWAY FRESH FIT FOR KIDS, and MAKE IT WHAT YOU WANT. (Id. ¶ 39.) Defendant's menu boards also indicate that he continues to sell products with the same names, including SUBWAY CLUB, VEGGIE DELITE, and B.M.T., and use the same photos and décor as in authorized Subway® franchises. (Id. ¶ 40.) Defendant also allegedly uses Subway® sandwich wrappers, wall-mounted artwork including registered copyrights, and the proprietary Subway® point of sale system. (Id. ¶¶ 41-46.) Because Subway®'s only authorized food and produce supplier stopped shipping to Defendant, Plaintiffs conclude that Defendant is making sandwiches and salads using unauthorized food suppliers and unlawfully passing off these items as Subway® products. (Id. ¶ 49.)

Plaintiffs allege that in March 2019 they received complaints from customers who reported feeling upset that they did not receive the sandwich they ordered, that the store was out of condiments, that the storefront sign was misleading, and that Defendant was serving Subway® food, wrappers, and using its point of sale system. (Id. ¶¶ 47-48; see Customer Complaints (Dkt. 2-10).) One customer complained on March 28, 2019 that she was frustrated because the Premises still showed up on the Subway® app as a Subway® location. (Customer

3

Complaints at 6.) As a result, she was able to order and pay for a sandwich through the app, using a Subway® coupon, but when she arrived at the Premises she was informed that, although it "still looked like Subway," it was "no longer a Subway." (Id.) The fact that the Premises still appeared on the Subway app was "confusing a lot of people." (Id.) Another customer reported being confused because she was unable to use a Subway® coupon at the Premises. (Id. at 1.) She stated that she was "very confused" because "this location claimed that they are not Subway and not affiliated with Subway in any manner- yet still looked like a Subway inside and out." (Id.) A third customer reported on March 27, 2019 that the Premises had "not had a supply of bread and other meats and condiments in about a month also the fountains soda machine is also out of order they also do not have subway napkins or traditional subway plastic bags." (Id. at 7.) He told Subway® headquarters: "please we need you guys to take charge most the othe meat is old and crossed contaminated." (Id.)

## II. DISCUSSION

Under Federal Rule of Civil Procedure 65(b)(1), the court may issue an ex parte temporary restraining order "only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added). The Second Circuit has emphasized that courts "should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders." Austin v. Altman, 332 F.2d 273, 275 (2d Cir. 1964); see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) (explaining that only extremely limited circumstances justify the issuance of an ex parte

order because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute").

There is no indication that the complaint, the Proposed OTSC and TRO, or the memorandum in support has been served on Defendant. While Plaintiffs submitted two declarations, neither addressed the Plaintiffs' efforts, if any, to notify Defendant of this action, nor do they explain why an ex parte order is justified. (See Cooper Decl.; Torres Decl.) Given the long history of dealing between these parties (see Compl. ¶¶ 25-35), it's unlikely that Plaintiffs would have been unable to find Defendant to provide him with at least informal notice of this action. It also does not appear that notice to Defendant would cause Plaintiffs any further harm. For example, this is not the sort of case where goods will be destroyed if notice is provided. Cf. In re Vuitton et Fils S.A., 606 F.2d 1, 4–5 (2d Cir. 1979) (observing that an ex parte proceeding would be justified where, as in a counterfeit goods case, notice to the defendant would render further action fruitless).

The court is also concerned that Plaintiffs may have contributed to the confusion surrounding Defendant's alleged use of the Subway® Marks. The customer complaints submitted by Plaintiffs reveal that, on or around March 18, 2019, the Premises were still listed as a Subway® location on the Subway® mobile app, and that this added to customer confusion, despite the fact that Defendant apparently "claimed that they are not Subway and not affiliated with Subway in any manner." (See Customer Complaints at 2 ("The location is still on the Subway app and it's confusing a lot of people.").) Given Plaintiffs' own role in creating customer confusion and their apparent failure to attempt to notify Defendant about this action, the court finds that an ex parte order would not be appropriate here.

## III. CONCLUSION

Plaintiffs' motion for a temporary restraining order is DENIED. Plaintiffs' motion for a preliminary injunction is respectfully REFERRED to Judge Reyes for an expedited hearing and an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1).

SO ORDERED.

Dated: Brooklyn, New York
April 9, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge