DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DOCTOR'S ASSOCIATES LLC and
SUBWAY IP LLC,

                            Plaintiffs,                    **MEMORANDUM & ORDER**

            -against-                           **19-CV-1968 (NGG) (RER)**

ABDUL HAI,

                            Defendant.
---------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

       Plaintiffs Doctor's Associates LLC ("DAL") and Subway IP LLC commenced this action on April 5, 2019 against Defendant Abdul Hai, doing business as Subway Restaurant #41310. (Compl. (Dkt. 1).) Plaintiffs allege violations of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), 1125(c); the U.S. Copyright Act, 17 U.S.C. §§ 101 et seq.; New York State General Business Law § 360; and New York common law. (Id. ¶¶ 58, 65, 72, 75, 77-78, 84, 90.) On April 4, 2019, Plaintiffs moved by order to show cause for a preliminary injunction and temporary restraining order ("TRO"). (Dkt. 2.) On April 9, 2019, this court denied the motion for a TRO and referred the motion for a preliminary injunction to Magistrate Judge Ramon E. Reyes for a report and recommendation ("R&R"). (See M&O (Dkt. 6).)

       On May 13, 2019, Judge Reyes issued an R&R in which he recommended that the court grant Plaintiffs' motion for a preliminary injunction and require Plaintiffs to post bond. (See R&R (Dkt. 11) at 10-11.) Judge Reyes also recommended that Plaintiffs' motion for attorney's fees be denied. (Id. at 11.) Plaintiffs objected to the portion of the R&R that recommended requiring that Plaintiffs post bond. (Obj. (Dkt. 13).) For the following reasons, the R&R is ADOPTED WITH MODIFICATIONS.

1

I.  **FACTUAL BACKGROUND**[1]

Plaintiff Subway IP LLC ("SIP") avers that it owns the proprietary system for establishing and operating Subway® restaurants (the "Subway® System"). (R&R at 1-2.) SIP is also the owner of various intellectual property rights associated with the Subway® brand, including U.S. trademarks to the Subway® name, logo, and other trademarks and service marks (the "Subway® Marks"). (Id. at 2.) Plaintiff Doctor's Associates LLC ("DAL"), which uses Subway® as its trade name, is the exclusive licensee of the Subway® System from SIP. (Id.) DAL is a franchisor and sub-licenses the Subway® System to its franchisees. (Id.)

Plaintiffs state that the Subway® Marks' registrations are in full force and effect, unrevoked, and uncancelled; that most have been deemed incontestable pursuant to 15 U.S.C. § 1065; that SIP, DAL, and DAL's predecessors and licensees have continuously used each of the Subway® Marks since the date of their registration; that SIP has given notice to the public of the registration of its trademarks and service marks as provided in 15 U.S.C. § 1111; and that the Subway® Marks featuring the word Subway® are indisputably famous trademarks in the United States. (Id.)

In October 2008, Defendant Hai allegedly entered into a franchise agreement (the "Franchise Agreement") with DAL,[2] under which Defendant would operate a Subway® Restaurant at 41B Newkirk Plaza, Brooklyn, New York, 11226 (the "Premises"). (Id.) In September 2010, the parties entered into a Franchise Agreement Addendum (the "Superseding Franchise Agreement"). (Id.) Plaintiffs allege that under the terms of both agreements,

---

[1] The R&R clearly sets forth the background of this case. (R&R at 1-3.) No party has objected to Judge Reyes's statement of facts and procedural history. The court thus adopts the R&R in this respect and offers only a summary in this order. See Dong v. Miller, 16-CV-5836 (NGG), 2018 WL 1445573 (E.D.N.Y. March 23, 2018), at *2 (adopting an R&R's statement of facts because the parties had not objected to it).

[2] DAL was then known as Doctor's Associates Inc., or DAI. (Id. ¶ 25.) For the sake of clarity, the court refers to it throughout this order as DAL.

Defendant "was granted the right and undertook the obligation to operate a Subway® sandwich restaurant at the Premises and to use the Subway® marks." (Id.)

In September 2015, DAL purportedly sent Defendant a sixty-day Notice of Termination, which stated that he had sixty days to cure his default on his obligations under the Superseding Franchise Agreement. (Id.) The following January, the parties allegedly entered into a "Probation Agreement." (Id.) Hai is alleged to have breached that agreement by failing to remain in material compliance with his obligations under the Franchise Agreement for a three-month period. (Id.) After arbitration, the parties entered into an Arbitration Interim Order requiring Defendant to remain in material compliance for six consecutive restaurant evaluations. (Id.) The arbitrator subsequently determined that Defendant had breached the Arbitration Interim Order, the Franchise Agreement, and the Superseding Franchise Agreement. (Id.) The arbitrator issued an award (the "Award" or the "Arbitration Award") terminating the franchise agreement and, inter alia, requiring Defendant to "dis-identify the Subway Restaurant . . . and cease and desist use of all trade names, trademarks, service marks, signs, colors, structures, software, printed goods, and forms of advertising indicative of [DAL]'s sandwich business." (Id.) This Award and subsequent state courts judgments recognizing the Award absolutely terminated Defendant's rights under the Franchise Agreement and Superseding Franchise Agreement. (Id.)

Plaintiffs allege that Defendant is presently using a storefront sign "confusingly similar to . . . the famous Subway® Marks," such that the sign "dilutes the trademark rights in the famous Subway logos registered with the U.S. Patent and Trademark office." (Id.) Plaintiffs further allege that Hai is using "other Subway® marks, Subway® artwork, wall-mounted menus, and other Subway® Materials in the operation of his restaurant business." (Id.) Plaintiffs purport to

3

have become aware of this conduct in March 2019. (Id. ¶ 36). The use of these materials is documented in the declaration of Carlos Torres ("Torres Decl.") and exhibits annexed thereto. (Torres Decl. (Dkt. 2-11); Storefront Photograph (Dkt. 2-12); Menu Photographs (Dkt. 2-13); Interior Photographs (Dkt. 2-14); Photograph of Bread (Dkt. 2-15).)

## II. PROCEDURAL HISTORY

### A. The Instant Action

Plaintiffs sought an order preliminarily enjoining Defendant from using any marks or materials that belong to Plaintiffs, infringe upon any of Plaintiffs' registered copyrights, or are likely to cause consumer confusion due to their similarity to the Subway® Marks or Materials. (Compl. at 16; Proposed Order for Preliminary Injunction ("Proposed Order") (Dkt. 10) at 3-5.) As explained above, on April 9, 2019, this court denied the motion for a TRO and referred the motion for a preliminary injunction to Judge Reyes for an R&R. (See M&O.) Defendant was served with the Order to Show Cause on April 10, 2019 (Return of Summons (Dkt. 8)), but made no appearance at the Show Cause Hearing held on April 16, 2019 before Judge Reyes (Apr. 18, 2019 Min. Entry). On April 19, 2019, Plaintiffs filed a proposed order for a preliminary injunction. (Proposed Order.)

### B. Report & Recommendation

On May 13, 2019, Judge Reyes issued an R&R, in which he recommended that the court grant Plaintiffs' motion for a preliminary injunction on the following terms and deny their request for attorney's fees. (See R&R.)

1. <u>Terms of the Recommended Injunction</u>

Judge Reyes recommended that the court grant Plaintiffs an injunction on the following terms:

4

### a. *Conduct Enjoined*

Judge Reyes recommended that the injunction enjoin the following conduct:

- Using, in any manner, any trade name, trademark, or service mark that is identical or confusingly similar to the Subway® Marks or other federally registered Subway® trademarks and service marks either (1) as Defendant's trademark, service mark, trade name, or corporate identity; (2) on or in connection with any goods or services sold, licensed, distributed, or otherwise disseminated by or on behalf of Defendant; or (3) in connection with the advertising or promotion of Defendant's goods or services.

- Using, in any manner, the Subway® Marks in connection with Defendant's goods or services in a manner that is likely to create the erroneous belief that said goods or services originate with or are authorized by, sponsored by, licensed by, or associated with Plaintiffs.

- Copying, reproducing, distributing, or preparing any works that in any way reference the Subway® Marks.

(R&R at 10.)

Judge Reyes also recommended that the injunction extend not only to Defendant, but also to his agents, servants, employees; to any company of which Defendant owns more than 10% of such company's equity, stock, or membership interest, and to any parent, subsidiary, or other company related thereto; and to all persons acting for, with, by, or through them. (Id.)

Because Judge Reyes found that the Plaintiffs are entitled to injunctive relief based only on their trademark claims, however, he recommended against enjoining Defendant from using materials that do not bear registered Subway® marks or dress. (Id. at 11.) To the extent that

5

Defendant's use of other materials (e.g., photos, décor, and the bread warmer) violates the Arbitration Award and subsequent state court judgments validating said Award, Judge Reyes advised that Plaintiffs may seek to enforce those decisions in state court. (Id.)

b. *Security*

Judge Reyes found that there exists a potential for undue injury to Defendant's business if the action is ultimately found to lack merit, as Defendant may be required to cease operations in order to comply with the injunction. (Id. (citing Golden Krust Patties, Inc. v. Bullock, 957 F. Supp. 2d 186, 202-03 (E.D.N.Y. 2013) (requiring plaintiffs to post a $20,000 bond to account for storefront lease payments that defendants would not be able to afford were their business not operational)).) Judge Reyes explained that he found this eventuality unlikely, but not impossible, and accordingly recommended that this court require Plaintiffs to post bond and suggested that the sum of thirty thousand dollars ($30,000) would be appropriate. (Id.)

2. Attorney's Fees

Because the Lanham Act authorizes awards of attorney's fees to the "prevailing party" only in "exceptional cases," see 15 U.S.C. § 1117(a), and because a preliminary injunction is not premised on a determination of the merits of the case, Judge Reyes recommended that the court deny Plaintiffs' request for attorney's fees at this time without prejudice to renewal at a later stage of this action. (Id.)

C. **Objection**

Plaintiffs objected only to the portion of the R&R that recommended requiring that Plaintiffs post a bond. (Obj. (Dkt. 13).) Plaintiffs reason that a bond is now unnecessary because Defendant has ceased operation of the former Subway® sandwich restaurant at issue in this case, vacated the premises, and surrendered them to the landlord, meaning that this business

can no longer be damaged by a possibly wrongful injunction. (Decl. of Mark Kaufman in Support of Obj. ("Kaufman Decl.") (Dkt. 13-1) ¶¶ 2, 6-7.)

No party has objected to Judge Reyes's recommendation that the court grant Plaintiffs' motion for a preliminary injunction or the recommended terms of that injunction, except for the requirement of a bond. Indeed, Plaintiffs insist that, despite the fact that Defendant has vacated the Premises, injunctive relief continues to be necessary in order to prevent Defendant from opening another sandwich shop and using trade names, trademarks, or service marks confusingly similar to those belonging to Plaintiffs. (Id. ¶ 8.)

No party has objected to Judge Reyes's recommendation that Plaintiffs' request for attorney's fees be denied at this time.

III. LEGAL STANDARD

When a party timely objects to a magistrate judge's R&R, the court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(3). The court otherwise reviews the R&R for clear error. Dong, 2018 WL 1445573, at *5. "[W]here objections are merely perfunctory responses and not specific and clearly aimed at particular findings in the magistrate judge's proposal, clear error, and not de novo, review applies." Perez v. Lee, No. 14-CV-5763 (JPO), 2018 WL 740995, at *2 (S.D.N.Y. Feb. 7, 2018), appeal filed (quotation marks, citations, and emphasis omitted).

IV. DISCUSSION

A. Preliminary Injunction

No party has objected to Judge Reyes's recommendation that the court grant Plaintiffs' motion for a preliminary injunction or the recommended terms of that injunction (except for the

7

requirement of a bond, discussed below). Therefore, the court ultimately reviews those portions of the R&R for clear error. As an initial matter, however, the court considers whether the closure of Defendant's business and the surrender of the Premises to his landlord renders moot the Motion for a Preliminary Injunction.

Plaintiffs insist that, despite the fact that Defendant has vacated the Premises, injunctive relief continues to be necessary in order to prevent Defendant from opening another sandwich shop and using trade names, trademarks, or service marks confusingly similar to those belonging to Plaintiffs. (Id. ¶ 8.) Defendant has not appeared in the case and defaulted on the Order to Show Cause. (See Apr. 18, 2019 Min. Entry.) Defendant also failed to object to the R&R and the time to do so has passed.

"It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 189 (2000) (quoting City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 289 (1982)); see also, e.g., Knox v. Serv. Emp. Int'l Union, Local 1000, 567 U.S. 298, 307 (2012) ("The voluntary cessation of challenged conduct does not ordinarily render a case moot[.]"); Cnty. of L.A. v. Davis, 440 U.S. 625, 631 (1979) ("[A]s a general rule, voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." (internal quotation marks and citation omitted)); City of Houston v. Dep't of Hous. & Urban Dev., 24 F.3d 1421 (D.C. Cir. 1994) ("[I]f a plaintiff . . . attacks an isolated agency action, then the mooting of the specific claim moots any claim for a declaratory judgment that the specific action was unlawful, unless the specific claim . . . falls within the 'voluntary cessation' doctrine[.]" (citations omitted)).

A defendant's voluntary change of conduct only renders a case moot if the defendant demonstrates both that "(1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Mhany Mgmt., Inc. v. Cnty. of Nassau, 819 F.3d 581, 603 (2d Cir. 2016) (quoting Granite State Outdoor Advert., Inc. v. Town of Orange, 303 F.3d 450, 451 (2d Cir. 2002)); see also Davis, 440 U.S. at 631 ("When both [of these] conditions are satisfied it may be said that the case is moot[.]").

The "burden of showing mootness logically falls on the defendant because, 'by the time mootness is an issue, the case has been brought and litigated . . . To abandon the case at an advanced stage may prove more wasteful than frugal.'" Mhany Mgmt., 819 F.3d at 603 (quoting Laidlaw, 528 U.S. at 191-92). This is "both a stringent and a formidable burden." Id. at 604 (citations omitted). It requires a "showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Id. at 603-04 (quoting Laidlaw, 528 U.S. at 190). Courts look at voluntary cessation of challenged conduct particularly skeptically where it "appear[s] to track the development of th[e] litigation." Id. at 604.

Here, Defendant—who defaulted on the Order to Show Cause and filed no objections to the R&R—has not carried his "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013) (quoting Laidlaw, 528 U.S. at 190). Moreover, Defendant's past conduct, which "supports an inference that he wishe[d] to circumvent the arbitrator's order to dis-identify his establishment from Subway®, so that consumers w[ould] continue to perceive his restaurant as a Subway® restaurant" (R&R at 6), gives the court little confidence that

9

Defendant would refrain from opening a sandwich shop in a new location and resuming the challenged conduct.

Having determined that Plaintiffs' claim is not moot, the court reviews for clear error the portions of the R&R addressing the preliminary injunction, with the exception of Judge Reyes's recommendation that Plaintiffs be required to post bond. Finding no clear error in these portions, the court adopts the R&R in this respect, and accordingly grants Plaintiffs' motion for a preliminary injunction consistent with Section IV(a) of the R&R.

**B.    Security**

Because Plaintiffs have objected to Judge Reyes's recommendation that they be required to put forth a security, the court reviews de novo that portion of the R&R.

Federal Rule of Civil Procedure 65 permits a court to issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "[A] district court in its discretion may deny a bond altogether if there is 'no proof of likelihood of harm' to the non-movant." Golden Krust Patties, Inc., 957 F. Supp. 2d at 202 (citing Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 985 (2d Cir. 1996)).

Here, the purpose of a bond would be to protect Defendant from any economic harm he might suffer if he were forced to close his business in order to comply with a preliminary injunction that was later found to be unwarranted. For this reason, Judge Reyes rightly recommended that Plaintiffs be required to post a bond. (See R&R at 11.) In an affidavit provided with their objection, however, Plaintiffs informed the court for the first time that Defendant has ceased operating the former Subway® sandwich restaurant at issue in this case and has vacated the premises and surrendered them to his landlord. (Affidavit ¶ 6.) There is no

10

longer any risk, therefore, that a wrongful preliminary injunction could cause Defendant to close his business and suffer undue economic harm. Defendant—who defaulted on the Order to Show Cause—did not respond to Plaintiffs' objection to the R&R and has adduced no evidence of any harm he might nonetheless suffer from a wrongful injunction.

Additionally, although not dispositive, the court notes that this is a case where Plaintiffs are likely to succeed on the merits. (See R&R at 11 (observing that it is "unlikely" that Plaintiffs' action will be found to lack merit).) Some courts have considered the strength of a movant's case in analyzing the likelihood of harm to a potentially wrongfully enjoined non-movant. See Golden Krust Patties, Inc., 957 F. Supp. 2d at 203; Eastman Kodak Co. v. Collins Ink Corp., 821 F. Supp. 2d 582, 590 (W.D.N.Y. 2011) (declining to require plaintiff to post a bond where court "find[s] it very likely that [plaintiff] will prevail on the merits of its claims"); N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 345 (S.D.N.Y. 2010) (declining to require the posting of a bond where, inter alia, "the likelihood of [plaintiff's] success on the merits is overwhelming"); Rex Med. L.P. v. Angiotech Pharms. (US), Inc., 754 F. Supp. 2d 616, 627 (S.D.N.Y. 2010) (finding it equitable to discount the harm non-movant would suffer, given that non-movant had, in the court's view, a less than 5 percent chance of succeeding on the merits at arbitration). As the court explained in Eastman Kodak, in dispensing with the bond requirement in that case: "The greater plaintiff's likelihood of success on the merits, the lower the probability that an injunction in plaintiff's favor will later be determined to have been issued in error, and consequently that [the defendant] will be found to have wrongfully suffered harm." 821 F. Supp. 2d at 590.

Thus, exercising its discretion, the court will not require Plaintiffs to post a bond.

### C. Attorney's Fees

Finally, no party has objected to Judge Reyes's recommendation that Plaintiffs' request for attorney's fees be denied at this time. Accordingly, the court reviews the R&R's analysis of this request for clear error. Finding none, the court adopts the R&R in this respect and denies Plaintiffs an award of attorney's fees without prejudice to renewal at a later time.

## V. CONCLUSION

For the foregoing reasons, the court ADOPTS WITH MODIFICATIONS the R&R (Dkt. 11). Plaintiffs' Motion for a Preliminary Injunction is GRANTED. Defendant, as well as his agents; servants; employees; any company of which Defendant owns more than 10% of such company's equity, stock, or membership interest; any parent, subsidiary, or other company related thereto; and all persons acting for, with, by, or through them are enjoined from:

i. Using, in any manner, any trade name, trademark, or service mark that is identical or confusingly similar to the Subway® Marks or other federally registered Subway® trademarks and service marks either (1) as Defendant's trademark, service mark, trade name, or corporate identity; (2) on or in connection with any goods or services sold, licensed, distributed, or otherwise disseminated by or on behalf of Defendant; or (3) in connection with the advertising or promotion of Defendant's goods or services.

ii. Using, in any manner, the Subway® Marks in connection with Defendant's goods or services in a manner that is likely to create the erroneous belief that said goods or services originate with or are authorized by, sponsored by, licensed by, or associated with Plaintiffs.

iii. Copying, reproducing, distributing, or preparing any works that in any way reference the Subway® Marks.

Defendant is not, however, enjoined from using materials that do not bear registered Subway® marks or dress. Plaintiffs are not required to post a bond. Plaintiffs' request for attorney's fees is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
June 4, 2019

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge